UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERMAN BROUGHTON,

    Petitioner,

-vs-                                                      Case No. 8:12-CV-362-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("petition") challenging convictions for false imprisonment, two counts of battery and one count of possession of a controlled substance entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). Respondent filed a response to the petition (Dkt. 8), and Petitioner filed a reply (Dkt. 11) and a supplemental reply (Dkt. 17).

Petitioner alleges one ground for relief in the petition: his due process and equal protection rights under the Fourteenth Amendment, and right to be free from unreasonable searches and seizures under the Fourth Amendment were violated because: 1) the Informations (3 total) were invalid in that the Assistant State Attorneys did not obtain sworn testimony from witnesses to the offenses before commencing the prosecution; and 2) the Assistant State Attorneys falsely stated in the Informations that they received sworn testimony from witnesses to the offenses.

## PROCEDURAL HISTORY

On November 20, 2006, Petitioner was charged by Information with false imprisonment and battery (Resp. Ex. 2). On September 21, 2007, Petitioner was charged by Information with possession of a controlled substance, possession of marijuana, and petit theft (Resp. Ex. 9). Each Information was signed by an Assistant State Attorney, who swore under oath, in pertinent part, that "the allegations. . .in the. . .information are based upon facts that have been sworn to as true,. . .and that he has received testimony under oath from the material witness or witnesses for the offense." (Resp. Ex. 2 at record p. 4; Resp. Ex. 9 at record p. 36). On October 10, 2007, Petitioner pleaded no contest to all charges (Resp. Exs. 3, 10). He was sentenced to time served on the possession of marijuana and petit theft counts, and concurrent terms of two years probation on the false imprisonment, battery, and possession of a controlled substance counts (Id.).

On November 19, 2008, Petitioner was charged by Second Amended Felony Information with aggravated assault and battery (Resp. Ex. 15 at record pp. 97-98). The November 19, 2008 Information, as in the November 20, 2006 and September 21, 2007 Informations, contained an Assistant State Attorney's sworn oath that he had "received testimony under oath from the material witness or witnesses for the offense." (Id. at record p. 98). Petitioner proceeded to trial and was found guilty of battery and the lesser included offense of assault (Resp. Ex. 17). He was sentenced to time served on the assault count, and five years imprisonment on the battery count (Resp. Ex. 18). The five year prison term was consecutive to the concurrent five year prison terms imposed on the false imprisonment, battery, and possession of a controlled substance counts following the revocation of Petitioner's probation (Resp. Ex. 7 at record pp. 28-30; Resp. Ex. 13 at record pp. 52-53; Resp. Ex. 18 at record pp. 121-22). The state appellate court affirmed Petitioner's convictions and

sentences (Resp. Ex. 22).

Petitioner filed a *pro se* Motion for Reduction or Modification of Sentence pursuant to Florida Rules of Criminal Procedure, Rule 3.800(c) (Resp. Ex. 23) which was denied (Resp. Ex. 24).

Petitioner filed a *pro se* state Petition for Writ of Habeas Corpus in which he argued that the circuit court lacked jurisdiction to sentence him because the charging Informations were invalid (Resp. Ex. 25).[1] Specifically, Petitioner argued that the Informations were invalid because the Assistant State Attorneys failed to obtain sworn affidavits from the witnesses to the offenses prior to filing the Informations (Id.). The state circuit court summarily denied the Petition for Writ of Habeas Corpus (Resp. Ex. 27).[2] On appeal, Petitioner argued that: 1) the arrest warrants were "null and void" because law enforcement officers never received affidavits from witnesses to the offenses; and 2) his due process rights under the Fourteenth Amendment were violated when the Assistant State Attorneys falsely swore that they had obtained sworn affidavits from witnesses to the offenses (Resp. Ex. 29). The state appellate court affirmed (Resp. Ex. 30).

## STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings is highly deferential. Those findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues- must be accepted unless they are found to be "contrary to" clearly established precedent of the

---

[1] The petition was filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and transferred to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (Resp. Ex. 26).

[2] The state circuit court treated the Petition for Writ of Habeas Corpus as a Rule 3.850 or 3.800 post conviction motion (Resp. Ex. 27 at p. 1).

Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). It is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002). "Under § 2254(d), a habeas court must determine what arguments or theories supported. . .the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Wetzel v. Lambert*, 132 S.Ct. 1195, 1198 (2012) (citing *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)).

**Procedural Default**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995) ("[E]xhaustion of state remedies requires that the state prisoner 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]'") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief,

unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

Pre-AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, Petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires Petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "prejudice," Petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, Petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted

in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

## DISCUSSION

I. Exhaustion

Respondent contends that Petitioner's claims are unexhausted because Petitioner did not fairly present the federal nature of the claims to the state courts (Dkt. 8 at p. 7). The Court agrees that Petitioner's claims are unexhausted.

A petitioner must present each claim to a state court before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. at 365 (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).

Petitioner did not assert a Fourteenth Amendment equal protection claim and a Fourth Amendment unreasonable search and seizure claim in either his state Petition for Writ of Habeas Corpus or Initial Brief on appeal of the denial of the petition (Resp. Exs. 25, 29). He therefore never

fairly presented an equal protection or unreasonable search and seizure claim to the state courts. Consequently, those claims are unexhausted. *See Picard*, 404 U.S. at 278 ("[T]he substance of a federal habeas corpus claim must first be presented to the state courts.").

Petitioner did, however, assert a federal due process violation claim, for the first time, in his Initial Brief on appeal (Resp. Ex. 29 at pp. 8-10). Nevertheless, the due process claim is not exhausted because it was not presented to the circuit court in Petitioner's state Petition for Writ of Habeas Corpus (Resp. Ex. 25). *See Burden v. Allen*, 304 Fed. Appx. 825, 826 (11th Cir. 2008) (unpublished) ("The requirement that a federal habeas corpus petitioner exhaust available state court remedies as a prerequisite to federal review is satisfied if the petitioner 'fairly presents' his claim *in each appropriate state court*, alerting that court to the federal nature of the claim.") (citing 28 U.S.C. § 2254(b)(1); *Picard*, 404 U.S. at 275-76) (emphasis added)).[3]

Moreover, the due process claim Petitioner asserts in the instant federal habeas petition is not the same claim that he presented to the state courts. In state court, Petitioner argued that he was denied due process because the police and the Assistant State Attorneys never obtained sworn *written affidavits* from witnesses to the offenses to support the probable cause affidavits and Informations, and the Assistant State Attorneys falsely swore that they obtained sworn written affidavits from the witnesses (Resp. Exs. 25, 29). In the instant case, Petitioner argues that he was denied due process because the Assistant State Attorneys did not obtain sworn *testimony* from the witnesses prior to filing the Informations (Dkt. 1 at pp. 5-12). The instant claim is therefore

---

[3] Under Florida law, claims not presented in a petitioner's Rule 3.850 motion cannot be raised for the first time on appeal. *See Griffin v. State*, 866 So.2d 1, 11 n.5 (Fla. 2003) (a new basis for a claim that was presented in the Rule 3.850 motion cannot be raised on appeal); *Doyle v. State*, 526 So.2d 909, 911 (Fla. 1988) (finding that post-conviction claim raised for the first time on appeal was procedurally barred).

unexhausted because it was not presented to the state courts. *See Picard*, 404 U.S. at 276 (To exhaust a claim, a habeas petitioner must "present the state courts with the same claim he urges upon the federal court."). Consequently, Petitioner's claims are procedurally defaulted. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes).

Petitioner has not alleged valid cause to excuse his default in state court, and any allegation in that regard is barred by the two-year limitation of Rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.) (recognizing and applying two-year bar of Rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and Florida's successive petition doctrine governing Rule 3.850 motions. *See Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993); *Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992). Petitioner also fails to show that a fundamental miscarriage of justice will occur if this Court does not reach the merits of this claim. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986). The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.

II. Merits

Even if Petitioner had exhausted his claims in state court, the claims would still fail on the merits. Petitioner essentially alleges that his convictions are unconstitutional because the Informations were defective in that they were not supported by sworn testimony from material

witnesses to the offenses.[4] A claim challenging the sufficiency of a charging information is not cognizable on federal habeas review unless the information was so defective that it deprived the state trial court of jurisdiction. *See De Benedictis v. Wainwright*, 674 F.2d 841, 842 (11th Cir. 1982) (citations omitted) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction."). The Informations set forth the elements of each of the crimes, and contained the required sworn oaths of the Assistant State Attorneys, certifying that the allegations in the Information "are based upon facts that have been sworn to as true,. . .and that [the Assistant State Attorney] has received testimony under oath from the material witness or witnesses for the offense." (Resp. Exs. 2, 9, 15). The sworn oaths were sufficient under Florida law.[5]

Petitioner has failed to show a defect in the Informations that deprived the state trial court of jurisdiction. As the state post conviction court stated, Petitioner "merely speculates that the assistant state attorney[s] failed to obtain" sworn testimony from the material witnesses prior to commencing the prosecution (Resp. Ex. 27 at p. 2). Petitioner's allegation that the record does not include sworn written affidavits from the material witnesses does not establish that the Assistant State Attorneys failed to obtain sworn testimony from material witnesses prior to commencing the

---

[4]Petitioner does not challenge the facts set forth in, or the contents of, the Informations (see Dkt. 11 at pp. 2-3).

[5]See Rule 3.140(g), Fla. R. Crim. P., which provides in pertinent part:

· (g) Signature, Oath, and Certification; Information. An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. . . .

9

prosecution.[6] Florida law requires the designated assistant state attorney to obtain the sworn *testimony* of a material witness prior to filing an information. See Rule 3.140(g), Fla. R. Crim. P. The law, however, does not mandate that the charging Information be supported by written sworn *affidavits* of the material witnesses. *See State v. Bacon*, 385 So. 2d 1160, 1163 (Fla. 2d DCA 1980) (information need not "be supported by the sworn affidavit of some person who knows the facts and 'will testify at trial.'"); *State v. Hartung*, 543 So. 2d 236, 237 (Fla. 5th DCA 1989) (the sworn testimony that the assistant state attorney is required to receive pursuant to Rule 3.140(g) may be "documented or evidenced stenographically or electronically in the form of affidavits, depositions, video tapes, magnetic tapes, or otherwise. . ."). Therefore, Petitioner's claim is not cognizable on federal habeas review.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

---

[6] Petitioner provided the Court with a letter from the State Attorney's Office, dated April 28, 2010, and apparently in response to Petitioner's public records request, which stated, in pertinent part, that: "We do not have any records meeting your description of 'Sworn/Affirmed Witness and/or Victim Affidavits.' However, if you could provide more detail as to what you are seeking, such as names, dates, and/or circumstances, this would aid us in processing a records request." (Dkt. 1-1 at p. 2).

**DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on December 6th, 2013.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
        Counsel of Record